70 F.3d 1264
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio Fernando Edwin WHITE, Defendant-Appellant.
 No. 95-5056.
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 16, 1995.
Decided: November 30, 1995.
 
 B. Lee Lambert, Durham, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, Douglas Cannon, Assistant United States Attorney, Timika Shafeek, Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before MICHAEL and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Antonio Fernando Edwin White entered a guilty plea to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 841(a) (1988). In his plea agreement, White reserved the right to appeal the denial of his motion to suppress the cocaine base found in his car. He was sentenced to 120 months imprisonment, 60 months supervised release, and a $50 special assessment.
 
 
 2
 On appeal, White's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738, 744 (1967), questioning the denial of White's motion to suppress, but indicating that, in his view, there are no meritorious issues for appeal. White has been notified of his right to file a supplemental brief, but has not done so. After a complete and independent review of the record, we affirm.
 
 
 3
 At the suppression hearing, Officer J.R. Puckett testified as follows: on June 24, 1994, he responded to a "man with a gun" call and set up surveillance at the car identified by the complainant. When White, who matched the description given by the complainant, entered the vehicle, Officer Puckett turned on his police lights and attempted to approach White. White then fled the scene first by car and then on foot. Officer Puckett caught and arrested White. Officer Puckett then searched the car and discovered 208.5 grams of cocaine base in the unlocked glove compartment.
 
 
 4
 The district court properly denied the motion to suppress. Relying on a description of the suspect and the identification of the car, Officer Puckett had the reasonable suspicion necessary to conduct an investigative stop. Terry v. Ohio, 392 U.S. 1, 22-23 (1968). Once White fled the scene, Officer Puckett had probable cause to arrest him based on both his flight and the facts supporting the investigative stop. See United States v. Miller, 925 F.2d 695, 699 (4th Cir.) (probable cause found where officer's observations corroborated substantial portion of informant's tip), cert. denied, 502 U.S. 833 (1991); United States v. Martinez-Gonzalez, 686 F.2d 93, 100 (2d Cir.1982) (flight upon approach of police transforms reasonable suspicion into probable cause). The car and glove compartment were then properly searched incident to White's arrest. United States v. Milton, 52 F.3d 78, 80 (4th Cir.), cert. denied, --- U.S.L.W. ---- (U.S.1995) (No. 95-5231).
 
 
 5
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We therefore affirm the judgment and order of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED